## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SHONNETTE BANKS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 20-cv-07030 |
| v. | ) ) | |
| MERIDIAN LODGING ASSOCIATES, LLP d/b/a HOMEWOOD SUITES BY HILTON, | ) ) ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant Meridian Lodging Associates, LLP ("Meridian" or "Defendant"), pursuant to 28 U.S.C. § 1446 and the jurisdictional provisions of the Class Action Fairness Act of 2005, codified at 28 U.S.C. §§ 1332(d)(2) and 1453(b), and alternatively, 28 U.S.C. § 1332(a), hereby gives notice of the removal of this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. The grounds for removal are as follows:

## BACKGROUND

1.      On April 1, 2020, Plaintiff Shonnette Banks ("Plaintiff") filed a putative class action against Meridian in the Circuit Court of Cook County, Illinois, Chancery Division, a court located within this district, under Case Number 2020-CH-03658 (the "State Court Action"). A copy of the Complaint, summons, and all other process served on Meridian in the State Court Action is attached hereto as **Exhibit A** pursuant to 28 U.S.C. § 1446(a).

2.      The Complaint alleges violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.* ("BIPA").  Specifically, Plaintiff alleges that Meridian failed to comply with certain provisions of BIPA by (1) failing to obtain written releases from employees

before it collected, used, and stored their biometric identifiers and biometric information (740 ILCS 14/15(b)(3)); (2) failing to inform employees in writing that their biometric identifiers and biometric information were being collected and stored (*id*. at (b)(1)); (3) failing to inform employees in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used (*id*. at (b)(2)); and (4) failing to publicly provide a retention schedule or guideline for permanently destroying its employees' biometric identifiers and biometric information (*id*. at (a)). (Compl. ¶¶ 40-52.)

## THE PROCEDURAL REQUIREMENTS ARE MET

3.      <u>Venue is proper</u>. This Court is the United States District Court for the district and division in which the State Court Action is pending. Plaintiff alleges that she is a citizen of the State of Illinois, and that the alleged statutory violations occurred within Cook County, *i.e*., this District. (Compl. ¶¶ 8, 9-10.) Venue for this removal is therefore proper. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 93(a)(1) (stating this Court encompasses Cook County).

4.      <u>Removal is timely</u>. Meridian serves this Notice of Removal within 30 days after being served with process in the State Court Action on October 29, 2020.[1] This removal is therefore timely. 28 U.S.C. § 1446(b).

5.      <u>Notice of the removal will be filed in the State Court Action</u>. Meridian is serving this Notice of Removal on Plaintiff's counsel of record and filing a Notice of Filing Notice of Removal with the Clerk of the Circuit Court of Cook County, attaching a copy of this Notice of Removal. 28 U.S.C. § 1446(d).

---

[1] Meridian was first served in the State Court Action on October 29, 2020, through the undersigned counsel, by agreement with Plaintiff's counsel to accept service on its behalf on that date. Prior to that date, service was **not** effectuated on Meridian as described in Meridian's *Unopposed* Motion to Vacate Default, attached hereto as **Exhibit B**, and the default was vacated by order in the State Court Action, attached hereto as **Exhibit C**.

## REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

### I.    Removal Is Proper Based on CAFA.

6.    A defendant has a right to remove a state court action to a federal district court where the district has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The Class Action Fairness Act of 2005 ("CAFA") extends federal jurisdiction to all putative class actions in which (A) there are 100 or more members of the putative class; (B) there is minimal diversity— at least one member of the proposed class is a citizen of a state different from any defendant; and (C) the aggregated claims of the individual class members exceed the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), (5), and (6). Based on the allegations in Plaintiff's Complaint, which Meridian does not espouse and expressly denies, this case satisfies these requirements.

### A.    As Pled, This Case Is a "Class Action" Involving More Than 100 Putative Class Members.

7.    For purposes of 28 U.S.C. § 1332(d), a "class action" is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]" 28 U.S.C. § 1332(d)(1)(B).

8.    Plaintiff purports to bring her claims pursuant to 735 ILCS 5/2-801, a state statute authorizing an action by one or more representative persons as a class action. Specifically, Plaintiff alleges that she is bringing claims on behalf of a proposed class of "[a]ll residents of the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by Meridian while residing in Illinois." (Compl. ¶ 35.)

9.    Meridian employs or has employed in excess of 180 persons, who are or may be putative class members. *See* Affidavit of Brandy Adams at ¶ 5, attached hereto as **Exhibit D**.

**B.      The Parties Are Diverse.**

10.     Meridian is a corporation incorporated under the laws of Indiana with its principal place of business located in Indianapolis, Indiana. *See* Exhibit D at ¶ 4; *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (stating a corporation's principal place of business is where "a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's nerve center …."). For purposes of 28 U.S.C. § 1332, Meridian is a citizen of Indiana.

11.     Plaintiff alleges that she is a citizen of Illinois. (Compl. ¶ 7.) For purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of Illinois.

12.      Plaintiff purports to bring claims on behalf of a class that includes only "*residents of the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by Meridian while residing* in Illinois." (Compl. ¶ 35 (emphasis added).) Because Meridian and Plaintiff (and, likely, every putative class member of the alleged class) are citizens of different states, the parties are diverse for purposes of 28 U.S.C. § 1332(d).

13.     Meridian is not a citizen of Illinois, and thus there is no basis from which the Court must decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4)(A) or (B).

**C.      The Aggregate Amount in Controversy Exceeds $5,000,000, Exclusive of Interest and Costs.**

14.     For purposes of determining the amount in controversy in a class action under CAFA, "the claims of the individual members shall be aggregated." 28 U.S.C. § 1332(d)(6). Meridian disputes the validity of Plaintiff's claims and allegations, including but not limited to Plaintiff's and the putative class' entitlement to any damages and asserts that neither Plaintiff nor any putative class member is entitled to any relief as a matter of law. Nonetheless, for purposes

of determining whether federal jurisdiction exists, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

15.     Plaintiff seeks statutory damages for himself and each putative class member. (Compl. ¶¶ 52, Prayer for Relief (C).) BIPA provides for statutory damages in the amount of $5,000 for each intentional and/or reckless violation of BIPA, and $1,000 for each negligent violation of BIPA. 740 ILCS 14/20. Plaintiff alleges that Meridian violated BIPA in multiple ways, on multiple occasions with respect to herself and the putative class. Specifically, Plaintiff alleges that Meridian failed to comply with certain provisions of BIPA by (1) failing to obtain written releases from employees before it collected, used, and stored their biometric identifiers and biometric information (740 ILCS 14/15(b)(3)); (2) failing to inform employees in writing that their biometric identifiers and biometric information were being collected and stored (*id*. at (b)(1)); (3) failing to inform employees in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used (*id*. at (b)(2)); and (4) failing to publicly provide a retention schedule or guideline for permanently destroying its employees' biometric identifiers and biometric information (*id*. at (a)). (Compl. ¶¶ 40-52.)

16.     As alleged, in the aggregate, Plaintiff's putative class claims exceed $5,000,000 in value, exclusive of interest and costs.

**II.     Removal Is Proper Based Under 28 U.S.C. § 1332(a).**

17.     In addition to removal based upon CAFA, *supra*, removal is also proper under traditional federal diversity jurisdiction. 28 U.S.C. § 1332(a). This Court has original jurisdiction over civil actions where (A) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and" (B) is "between citizens of different States[.]" *Id*. at (a)(1).

**A.    The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.**

18.    Although brought as a putative class action, Plaintiff's claims alone, as alleged, meet the requisite amount in controversy. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("Once one plaintiff satisfies the amount-in-controversy requirement for diversity jurisdiction, the other plaintiffs come in under the court's supplemental jurisdiction"); *Karpowicz v. Gen. Motors Corp.*, No. 97 C 1390, 1997 WL 156542, at *4 (N.D. Ill. Mar. 28, 1997) ("it is sufficient for jurisdictional purposes if the class representative meets the jurisdictional amount; the claims of the non-representative class members may fail to meet the jurisdictional amount while still falling within the court's supplemental jurisdiction.").

19.    Plaintiff seeks damages on behalf of herself for *each* alleged BIPA violation in the amount of $5,000 for each intentional and/or reckless violation of BIPA, and $1,000 for each negligent violation. (*See* Compl. ¶¶ 52, Prayer for Relief (C).)

20.    Plaintiff alleges that she worked for Meridian "through 2019." (Compl. ¶ 27.) During that period, Meridian is alleged to have "required Plaintiff to scan [her] fingerprint so that it could use it as an authentication method to track time." (Compl. ¶ 28.) Plaintiff alleges that she scanned her finger print at the "beg[inning] and end[ of] a workday." (Compl. ¶ 29.)

21.    Plaintiff here clocked in and out of work more than 60 times, allegedly using her fingerprint, over the course of her employment at Meridian. Exhibit D at ¶ 6.

22.    While Meridian denies that Plaintiff and the proposed class are entitled to any recovery, the Complaint plainly demonstrates that Plaintiff seeks over $75,000 in monetary damages. *See*, *e.g.*, *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769 (N.D. Ill. 2019) (finding removal proper where "[t]reating each scan as a separate [BIPA] violation, [plaintiff] would only need to have scanned her fingerprint sixteen times to exceed the

$75,000 threshold, which she plausibly did many more times over the course of her thirty months of employment.").

**B.      The Parties Are Diverse.**

23.      For purposes of 28 U.S.C. § 1332, Meridian is a citizen of Indiana and Plaintiff is a citizen of Illinois. *See supra* ¶¶ 11, 12.

24.      The parties are diverse under 28 U.S.C. § 1332(a)(1) and the amount in controversy is satisfied, thus removal is also proper under 28 U.S.C. § 1332(a).

## NON-WAIVER OF DEFENSES

25.      By this Notice of Removal, Meridian does not waive any defenses that may be available, including, without limitation, Plaintiff's failure to state a claim or any other defense.

26.      By this Notice of Removal, Meridian does not admit any of the allegations in Plaintiff's Complaint.

## CONCLUSION

27.      For all the foregoing reasons, removal is proper and this Court has original jurisdiction over this case.

**WHEREFORE**, notice is hereby given that this action is removed from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: November 27, 2020                    Respectfully Submitted,

                                            /s/ Eric L. Samore

                                            Eric L.  Samore ARDC # 6181345
                                            Kathryn V. Long ARDC # 6299363
                                            SMITHAMUNDSEN LLC
                                            150 N. Michigan Avenue, Suite 3300
                                            Chicago, Illinois 60601
                                            (312) 894-3200

esamore@salawus.com
klong@salawus.com

*Counsel for Defendant Meridian Lodging
Associates, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on November 27, 2020, he caused a copy of the attached **Notice of Removal** to be served upon the parties below via e-mail:

David Fish
*dfish@fishlawfirm.com*
John Kunze
*kunze@fishlawfirm.com*
Mara Baltabols
*mara@fishlawfirm.com*
THE FISH LAW FIRM, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563


<u>/s/ Eric L. Samore</u>